**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>ANTONIO VILLANUEVA RODRIGUEZ,<br><br>     Debtor. | CASE NO. 24-02613 MAG7<br><br>Chapter 7<br><br><br>FILED & ENTERED ON 2/27/2026 |

**OPINION AND ORDER**

On June 21, 2024, Antonio Villanueva Rodriguez ("Debtor") filed a petition for relief under Chapter 7 of the Bankruptcy Code. Dkt. #1. On June 22, 2024, the court appointed Noreen Wiscovitch Rentas as the Chapter 7 Trustee (the "Trustee") for Debtor's estate and set the deadline to file claims for August 30, 2024. Dkt. #5. This is an asset case. Debtor's discharge was entered on March 26, 2025. Dkt. #49.

Debtor's Schedules A/B and C have been amended on multiple occasions. See Dkt. ## 1, 9, 21, and 52. In his most recent amended Schedule A/B, Debtor disclosed interests in the following real property: (i) a residential property located in Jardines de Carolina, Carolina, Puerto Rico, with a scheduled value of $122,440; and (ii) an undeveloped parcel of land located in Mayagüez, Puerto Rico, with a scheduled value of $44,370.[1] Dkt. #52, pp. 2-4. Debtor also listed two vehicles in amended Schedule A/B: (i) a 2016 Mazda CX-5, with a scheduled value of $6,392;[2] and (ii) a 2020 Ford EcoSport, with a scheduled value of $6,244. Id. In the latest amended Schedule C,

---

[1] On July 9, 2025, the Trustee filed a report of sale informing that she sold at a public auction the lot of land located in Mayagüez, Puerto Rico, for $23,500 and obtained net proceeds for the estate in the amount of $22,044.26. Dkt. # 66.

[2] On December 10, 2025, the Trustee filed a report of sale informing that she sold the Mazda CX-5 for $5,000 at a public auction held on December 8, 2025. Dkt. # 98.

Debtor claimed as exempt under the Puerto Rico Homestead Act the residential property located in Carolina, Puerto Rico, and the 2020 Ford EcoSport. Id. at pp. 14-15.

In Schedule D, which was filed with the petition, Debtor listed the following creditors with secured claims:

| Section | Creditor's name | Property description | Amount of claim | Value of collateral | Unsecured portion, in any |
|---|---|---|---|---|---|
| 2.1 | Emi Equity Mortgage Inc. | Urb. Jardines De Carolina E-1 PR 00987 | $61,200 | $122,400 | $0 |
| 2.2 | PenFed Credit Union | Savings and Shares: Penfed Credit Union | $14,923 | $1,024.35 | $13,898.65 |
| 2.3 | PenFed Credit Union | Savings and Shares: Penfed Credit Union Debtor is Co-Debtor | $33,108 | $1,024.35 | $33,108 |

Dkt. # 1, pp. 20-21.

In Schedule E/F, also filed with the petition, Debtor listed the following creditors with unsecured claims:

| Section | Creditor's name | Total claim | Description |
|---|---|---|---|
| 4.1 | American Express | $1,400.00 | Inheritance Debt of Juan Colon Irrizary Credit card purchases |
| 4.2 | Bank of America | $26,586.00 | Inheritance Debt of Juan Colon Irrizary Credit card purchases |
| 4.3 | CITI | $1,650.00 | Inheritance Debt of Juan Colon Irrizary Credit card purchases |
| 4.4 | CITI | $21,880.00 | Inheritance Debt of Juan Colon Irrizary Personal loan |
| 4.5 | Discover | $357.00 | Inheritance Debt of Juan Colon Irrizary Credit card purchases |
| 4.6 | Elan Financial Services | $20,366.00 | Inheritance Debt of Juan Colon Irrizary Personal loan |
| 4.7 | Firstbank | $26,403.00 | Personal Loan Debtor is co-debtor |
| 4.8 | Home Depot Credit Services | $10,510.00 | Inheritance Debt of Juan Colon Irrizary Credit card purchases |
| 4.9 | Home Depot Credit Services | $5,580.00 | Inheritance Debt of Juan Colon Irrizary Credit Card purchases |

| 4.10 | Southwest Rapid Rewards | $5,524.00 | Inheritance Debt of Juan Colon Irrizary Credit Card Purchases |
|---|---|---|---|

Dkt. # 1, pp. 22-26. Debtor did not list any of these claims as contingent, unliquidated, or disputed. Id. These scheduled claims amount to $120,256.

Per the Claims Register, total claims in this case amount to $182,392.39, including a single secured claim of $62,627.88.

The Claims Register reflects that three claims were filed by creditors in this case prior to the August 30, 2024 bar date: (i) unsecured claim number 1 filed by Firstbank in the amount of $24,827.31 for a personal loan; (ii) unsecured claim number 2 filed by Discover Bank in the amount of $1,074.20 for a credit card; and (iii) secured claim number 3 filed by EMI Equity Mortgage, Inc. in the amount of $62,627.88, secured by the mortgage encumbering Debtor's residential property in Carolina, Puerto Rico. Claims Register ## 1-1, 2-1, 3-1.

On September 26, 2024, the Trustee, on behalf of creditors, filed unsecured claims 4 through 12 as follows: claim number 4 by Citi Advantage in the amount of $1,650; claim number 5 by CITI in the amount of $21,880; claim number 6 by Discover in the amount of $367; claim number 7 by Elan Financial Services in the amount of $20,366; claim number 8 by Home Deport Credit Services in the amount of $10,510; claim number 9 by Home Depot Credit Services in the amount of $5,580; claim number 10 by Southwest Rapid Rewards in the amount of $5,524; claim number 11 by American Express in the amount of $1,400; and claim number 12 by Bank of America in the amount of $26,586. Claims Register ## 4-1, 5-1, 6-1, 7-1, 8-1, 9-1, 10-1, 11-1, 12-1. Each claim filed by the Trustee consists of Official Form 410 and is unsupported by any documentation. The stated basis for the claims is "Inherited Debt of Juan Colon Irizarry." Collectively, these claims total $93,863.00.

3

On November 21, 2024, Debtor filed an objection to the claims filed by the Trustee, asserting that he did not owe the amounts stated and that the claims were unenforceable under 11 U.S.C. § 502(b)(1). Dkt. #30. He argued that the claims lacked prima facie validity because they were filed in violation of Fed. R. Bankr. P. 3001(c)(1), which requires attaching the supporting writings when a claim is based on a written obligation. Debtor noted that the Trustee, acting on behalf of the creditors, characterized the debts as inherited credit card obligations. Because no supporting documentation was attached, Debtor asserted that the claims lost their prima facie validity and that the Trustee, who bore the burden of proof, failed to substantiate the debts. Debtor requested that the court disallow claims 4 through 12 in their entirety.

On November 27, 2024, the Trustee replied to Debtor's objection. Dkt. #32. The Trustee argued that she is authorized under Fed. R. Bankr. P. 3004(a) to file the proofs of claim on behalf of creditors after the bar date passed without creditor filings. She asserted that the claims were timely because they were filed on September 26, 2024, within thirty days of the August 20, 2024 bar date, as required by Fed. R. Bankr. P. 3004(a).

The Trustee further contended that Debtor's objection lacked a valid legal basis. She noted that Debtor himself listed each of the debts, including the account information and amounts owed, in his sworn Schedule E/F. She argued that Debtor was attempting to use Fed. R. Bankr. P. 3007(d)'s omnibus objection procedures, but none of the permissible grounds under that rule, such as duplication, improper venue, amendment, untimeliness, satisfaction, noncompliance with form requirements, interests rather than claims, or improper priority, applied to the claims at issue. The Trustee maintained that she completed the proofs of claim using the information available in Debtor's own schedules, that the claims complied with the Bankruptcy Code and Rules, and that Debtor's objection should be overruled for failure to articulate any cognizable ground for disallowance.

On December 17, 2024, Debtor filed a surreply. Dkt. #39. Debtor reiterated his objection to the claims filed by the Trustee and maintained that she failed to comply with the requirements of Fed. R. Bankr. P. 3001(c). He argued that each of the claims asserted against him was based on the alleged inherited debts of his late partner and therefore required supporting writings, which the Trustee did not attach. Debtor asserted that, without the underlying documentation, the claims lacked prima facie validity and the burden remained on the Trustee to prove their enforceability, which she had not met. Debtor further argued that the Trustee improperly characterized his objection as an omnibus objection under Fed. R. Bankr. P. 3007(d), and he rejected the Trustee's position that the claims were valid merely because he listed them on Schedule E/F.

Debtor also argued that under 11 U.S.C. § 502(b)(1), the amounts asserted in the claims are not enforceable against him under Puerto Rico inheritance law because under the Puerto Rico Civil Code, an heir's liability for inherited debts is limited exclusively to the value of the inherited assets received. Debtor identified only two inherited assets: (1) her deceased partner's interest in a co-owned real property listed on Schedule A, encumbered by a mortgage listed on Schedule D and claimed exempt in Schedule C under the Puerto Rico Homestead Act; and (2) her deceased partner's interest in a vehicle listed on Schedule B and claimed exempt on Schedule C. Debtor further asserted that only two unsecured claims were filed in the case: claim number 1 filed by FirstBank, which Debtor characterizes as his own obligation, and claim number 2 filed by Discover Bank, which Debtor contends constitutes inherited debt.[3] According to Debtor, the Discover Bank claim is recoverable from him, as heir, only up to the value of any non-exempt inherited assets received.

---

[3] The court notes that the supporting documentation for claim number 2 filed by Discover Bank, consists of a credit card statement in Debtor's name, not in the name of Juan Colon Irizarry. Claims Register # 2-1.

For the reasons stated below, Debtor's objection at Dkt. #30 to the proofs of claim filed by the Trustee is sustained and claim 4 through 12 are disallowed.

Section 501(c) of the Bankruptcy Code provides that "[i]f a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim." 11 U.S.C. § 501(c). Consistent with this provision, Fed. R. Bankr. P. 3004(a) authorizes the debtor or the trustee to file a proof of claim within thirty (30) days after the expiration of the time prescribed by Fed. R. Bankr. P. 3002(c) or Fed. R. Bankr. P. 3003(c) when a creditor fails to timely file a claim.

Here, the bar date for creditors to file proofs of claim expired on August 30, 2024. Accordingly, the proofs of claim filed by the Trustee were filed timely on September 26, 2024 under Fed. R. Bankr. P. 3004(a). Debtor does not object to the claims as untimely.

Debtor objects on procedural and substantive grounds, asserting that the claims fail to comply with Fed. R. Bankr. P. 3001(c)(1) and should be disallowed under 11 U.S.C. § 502(b)(1) due to the absence of supporting documentation and unenforceability under Puerto Rico inheritance law. The Trustee counters that the claims are supported by Debtor's schedules, which were signed under penalty of perjury.

Fed. R. Bankr. P. 3001(c) requires that a claim based on a writing be accompanied by a copy of the underlying document. The failure to attach such documentation does not, standing alone, require disallowance of the claim. Iatrou v. Darr, 2022 U.S. Dist. LEXIS 12979, at * 20 (D. Mass. Jan. 25, 2022). Rather, the absence of supporting documentation deprives the claim of its prima facie validity under Fed. R. Bankr. P. 3001(f). In re Rehman, 479 B.R. 238, 242 (Bankr. D. Mass 2012).

The burden-shifting framework governing objections to claims is well established: a properly filed proof of claim constitutes prima facie evidence of validity; the objecting party must then produce evidence sufficient to rebut the presumption; and, if rebutted, the claimant bears the

burden of proving the claim by a preponderance of the evidence. In re Durastone Co., 223 B.R. 396, 397-398 (Bankr. D.R.I. 1998); In re Colonial Bakery, Inc., 108 B.R. 13, 15 (Bankr. D.R.I. 1989); In re Circle J Dairy, Inc., 92 B.R. 832, 833 (Bankr. W.D. Ark. 1988). "The ultimate burden of proof always rests upon the claimant." In re Circle J Dairy, Inc., 92 B.R. at 833.

Here, the claims filed by the Trustee are unsupported by any documentation, including account statements, credit agreements, or payment histories. They therefore lack prima facie validity under Fed. R. Bankr. P. 3001(f) and the burden remains on the Trustee to prove their validity.

Here, Debtor characterized these obligations in his schedules as "inherited credit card obligations" from a deceased partner and raised substantive legal defenses under Puerto Rico inheritance law. The Trustee has presented no evidence supporting the claims beyond Debtor's schedules.

Pursuant to Fed. R. Bankr. P. 1008 and 28 U.S.C. § 1746, a debtor must verify under penalty of perjury that the schedules of assets and liabilities are true and correct. "A debtor's scheduling of a debt constitutes a sworn statement and admission against interest, which is strongly probative of the claim's validity." In re Live Primary, LLC, 626 B.R. 171, 189 (Bankr. S.D.N.Y. 2021). However, "if a proof of claim lacking proper attachments does not correlate to a debt scheduled by the debtor, or aspects of the claim differ from the scheduled debt, this may give rise to a valid objection by the debtor for lack of verification of ownership and/or the amount of the claim." In re Burkett, 329 B.R. 820, 829 (Bankr. S.D. Ohio 2005). Thus, schedules alone do not relieve the claimant of the ultimate burden of proof, particularly where the debtor challenges enforceability of the claim under applicable law.

The Trustee's duty to reasonably investigate claims before filing them has been recognized in cases involving similar trustee-filed claims based solely on debtor schedules. For example, in

In re McLaughlin, 2007 Bankr. LEXIS 3041, at *8 (Bankr. N.D. Ohio Aug. 31, 2007), the court disallowed trustee-filed claims where the trustee lacked personal knowledge of the claims' validity and relied exclusively on scheduled amounts, observing that "there must be some reason, other than to increase the trustee's fees, for the trustee to engage in wholesale filing of claims from the schedules." Similarly, in In re Thomas, 2005 Bankr. LEXIS 2033, at *14-15 (Bankr. E.D.Va. 2005), the court explained that a "trustee should not undertake to file a proof of claim on behalf of a creditor without some good reason to believe the claim is valid." The same principle applies here.

Section 502(b)(1) requires disallowance of claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). Debtor argues that under the Puerto Rico Civil Code, an heir's liability for inherited debts is limited to the value of inherited assets received. As stated by Debtor, Article 1587 of the Puerto Rico Civil Code, Law 55-2020, provides that an heir is liable for the obligations of the decedent, for legacies, and for hereditary charges exclusively up to the value of the hereditary assets that he receives. P.R. Laws Ann. tit. 31, § 11041 (translation ours).

Debtor identified only two inherited assets: the deceased partner's interests in co-owned real property and a vehicle. According to Debtor, these assets are either fully encumbered and claimed as exempt under the Puerto Rico Homestead Act or are otherwise insufficient to satisfy the claims. The Trustee has not addressed this issue. While Fed. R. Bankr. P. 3004(a) authorizes the Trustee to file claims on behalf of creditors; it does not exempt the Trustee from the burden of proving the validity of those claims when properly objected to. The Trustee has offered no evidence beyond the Debtor's schedules, has not obtained documentation from the creditors, and has not addressed enforceability under Puerto Rico law. The Trustee bears the ultimate burden of proof and has failed to meet it.

8

The court acknowledges that a trustee's authority to file proofs of claim on behalf of creditors under 11 U.S.C. § 501(c) and Fed. R. Bankr. P. 3004(a), other than for the benefit of the debtor, has been upheld by some courts. For instance, in <u>Yoon v. Vancleef</u>, 498 B.R. 864 (N.D. Ind. 2013), the district court reversed the bankruptcy court's determination that the trustee lacked statutory authority to file claims on behalf of creditors who failed to file. In so ruling, the court noted that "[t]he provisions at issue contain no qualifications as to why or to what end the trustee may file such claims." <u>Id</u>. at 867. However, that authority does not absolve the trustee of the obligation to meet the applicable evidentiary burden when a debtor challenges the validity of the claim. As one court has observed, the "trustee has a fiduciary duty to the bankruptcy estate and this duty is breached when a trustee files claims without any personal knowledge or investigation." <u>In re McLaughlin</u>, 2007 Bankr. LEXIS 3041 at *5.

Because the Trustee has failed to meet the burden of proving the validity of these claims, Debtor's objection at Dkt. #30 to the proofs of claim filed by the Trustee is sustained and claims number 4-1, 5-1, 6-1, 7-1, 8-1, 9-1, 10-1, 11-1, 12-1 are disallowed.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of February 2026.

María de los Ángeles González
United States Bankruptcy Judge