## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>ANTONIO VILLANUEVA RODRIGUEZ,<br><br>    Debtor. | CASE NO. 24-02613 MAG7<br><br>Chapter 7<br><br><br>FILED & ENTERED ON 3/27/2026 |

### OPINION AND ORDER

On June 21, 2024, Antonio Villanueva Rodríguez ("Debtor") filed a petition for relief under Chapter 7 of the Bankruptcy Code. Dkt. # 1. On June 22, 2024, the court appointed Noreen Wiscovitch Rentas as the Chapter 7 Trustee (the "Trustee") for Debtor's estate. Dkt. # 5. This is an asset case. Debtor's discharge was entered on March 26, 2025. Dkt. # 49.

Extensive litigation has ensued between Debtor and the Trustee concerning Debtor's claimed exemptions, which have been amended through multiple filings of schedule C. Dkt. ## 1, 9, 21, 52. The Trustee objected to the exemptions claimed by Debtor, initially as set forth in the amended schedule C filed at Dkt. # 21, and later as reflected in the further amended schedule C filed at Docket #52. Dkt. ## 24, 65.

The Trustee's initial objections to exemptions included those Debtor claimed over two motor vehicles and the four Individual Retirement Arrangement ("IRA") accounts. Subsequently, Debtor amended schedule C at Dkt. # 52 claiming only one of the two motor vehicles as exempt and including exemptions over the balances of three bank accounts. In response, the Trustee withdrew her objection to the exemption claimed for the other motor vehicle and objected to the exemptions over the balance of the bank accounts. Dkt. ## 65 & 74 at p. 8. Accordingly, this

Opinion and Order addresses only the Trustee's objections to the exemptions claimed by Debtor over the IRA accounts and the bank account balances.

Currently pending before the court are the following: the Trustee's objection to Debtor's claimed exemptions (Dkt. # 24); Debtor's opposition (Dkt. # 27); the Trustee's reply (Dkt. # 31); Debtor's sur-reply (Dkt. # 38); Debtor's supplemental response (Dkt. # 46); the Trustee's objection to Debtor's amended exemptions (Dkt. # 65); Debtor's motion *in limine* to limit the Trustee's objection (Dkt. # 70); Debtor's reply to the Trustee's objection (Dkt. # 71); the Trustee's opposition to Debtor's motion *in limine* and to Debtor's reply (Dkt. # 74); and the Debtor's sur-reply to the Trustee's opposition (Dkt. # 97).

For the reasons stated below, Debtor's motion *in limine* is denied, the Trustee's objection to Debtor's claimed exemptions over the IRA accounts is sustained in part and denied in part and, the Trustee's objection to Debtor's claimed exemptions over the bank account balances is sustained and Debtor's claimed exemption is disallowed.

## I.     JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), L. Civ. R. 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II.     BACKGROUND

On June 21, 2024, Debtor filed his petition for relief under chapter 7 along with his schedules, statement of current monthly income and means test calculation, and statement of financial affairs. Dkt. # 1. The 11 U.S.C. § 341 meeting of creditors commenced on July 18, 2024. Dkt. # 8. On August 7, 2024, Debtor filed his first amended schedule C. Dkt. # 9. The

meeting of creditors was continued to August 15, 2024, and then to September 17, 2024. Dkt. ##

8, 12.

On September 17, 2024 at Dkt. #21, Debtor filed an amended schedule C listing exempt

properties as follows:

| Property description | Value | Exemption amount | Exemption statutory basis |
|---|---|---|---|
| Urb. Jardines De Carolina E-1 Calle E Carolina, PR 00987 | $122,400 | $61,200 | P.R. Laws Ann. tit. 31, § 1858 |
| 2016 Mazda Cx-5 | $9,325 | $9,325 | P.R. Laws Ann. tit. 32, § 1130(4)(a) |
| Refrigerator | $200 | $200 | P.R. Laws Ann. tit. 32, § 1130(14) |
| Bedroom Set | $100 | $100 | P.R. Laws Ann. tit. 32,§ 1130(2) |
| Stove | $200 | $200 | P.R. Laws Ann. tit. 32, § 1130(14) |
| Dining Room Set | $100 | $100 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(b) |
| Living Room Set | $100 | $100 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(b) |
| Washing Machine | $200 | $200 | P.R. Laws Ann. tit. 32, § 1130(14) |
| TV | $75 | $75 | P.R. Laws Ann. tit. 32, § 1130(14) |
| Cellphone | $100 | $100 | P.R. Laws Ann. tit. 32, § 1130(14) |
| Clothes And Shoes | $100 | $100 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(c) |
| Wristwatch, Chain | $200 | $200 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(c) |
| 401k: Fidelity | $3,200 | $3,200 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(j) |
| IRA: Universal Life Insurance Company # 3595 | $5,000 | $5,000 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(j) |
| IRA: Cosvi #0812 | $5,000 | $5,000 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(j) |
| IRA: Banco Popular de Puerto Rico #8363 | $5,000 | $5,000 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(j) |
| IRA: Oriental Bank #6147 | $5,000 | $5,000 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(j) |
| 2020 Ford Ecosport | $9,125 | $9,125 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(g) |

Dkt. # 21, pp. 9-11.

3

On August 15, 2024, the Trustee filed her initial objection to Debtor's claimed exemption, which took issue with the exemptions related to Debtor's motor vehicles and the IRA accounts. Dkt. # 24.

Regarding the four IRA accounts, each valued at $5,000 for a total of $20,000, the Trustee argued that they were improperly created on the eve of bankruptcy using non-exempt funds. According to the Trustee, the IRA accounts were opened within weeks of the petition date. The Trustee maintained that Debtor funded the IRAs from a regular bank account, not from a qualified retirement account or rollover, and the funds used to open the IRA accounts originated from the sale of real estate in North Carolina on May 17, 2022. The Trustee emphasized that the IRAs were opened after Debtor filed his 2023 Puerto Rico tax return in February 2024, confirming they were newly created rather than established retirement accounts. She asserted that Debtor's conversion of $20,000 in non-exempt savings into IRAs immediately before filing was done in bad faith, constituting a fraudulent attempt to shield assets from creditors. Thus, the Trustee sought the disallowance of all four IRA exemptions.

On October 29, 2024, Debtor opposed the Trustee's objections. Dkt. # 27. Debtor argued that his bankruptcy was filed in good faith, and the exemptions were claimed in good faith and are consistent with the purposes of the Bankruptcy Code. He explained that his financial situation arose from extraordinary personal circumstances, not from any intent to defraud creditors. Specifically, Debtor became a widower in February 2024 after his partner of twenty-three years died following a lengthy battle with cancer. He further explained that unbeknownst to him, his partner had incurred significant debts during the illness to cover medical treatments both in Puerto Rico and abroad. Upon his partner's death, Debtor inherited both assets and debts under Puerto Rico inheritance law. To protect the home they co-owned, purchased with proceeds

4

from a prior property sale in North Carolina, Debtor filed for bankruptcy to discharge his and his late partner's debts.

Debtor also emphasized that he surrendered a 2.7-acre lot in Mayagüez valued at $49,300, sufficient to satisfy all timely filed unsecured claims in full after administrative expenses.[1] He rejected the Trustee's allegations of bad faith, asserting that all questions at the 11 U.S.C. §341 meetings were answered, his schedules were duly amended as requested, and no evidence supports a finding of misconduct.

Regarding the four IRA accounts, Debtor explained that they represent what remained of his retirement savings after years of financial strain from his partner's illness. He maintained that those funds are legitimately protected as retirement assets. Debtor further contended that surrendering significant non-exempt property while protecting modest retirement savings cannot be construed as bad faith.

On November 27, 2024, the Trustee replied to Debtor's opposition. Dkt. # 31. The Trustee argued that Debtor's response failed to address the substantive legal and factual grounds of her objections to the claimed exemptions. While Debtor asserted that his actions were taken in good faith and that the bankruptcy filing was intended to discharge debts inherited from his late partner, the Trustee contended that such assertions do not rebut the specific statutory objections raised. The Trustee also pointed out that Debtor admits inheriting both assets and liabilities from his deceased partner and that there is a will naming Debtor as the sole heir. Thus, Debtor inherited the equity in the jointly owned residence, a motor vehicle, and various bank account balances, all of which became property of the bankruptcy estate upon filing under 11 U.S.C. §

---

[1] On July 9, 2025, the Trustee filed a report of sale informing that she sold at a public auction the lot of land located in Mayagüez, Puerto Rico, for $23,500 and obtained net proceeds for the estate in the amount of $22,044.26. Dkt. # 66.

541. Accordingly, the Trustee emphasized that there was no "surrender" of property because all assets automatically became part of the estate by operation of law.

The Trustee further clarified that Debtor is entitled to claim exemptions under state law, subject to objection, and that the Trustee has not objected to all claimed exemptions, only to those not properly taken. The Trustee reiterated that the IRA exemptions should be disallowed, as they involve property acquired or converted into exempt form immediately before bankruptcy and therefore fall outside the protection of valid exemption law.

On December 17, 2024, Debtor filed a sur-reply to the Trustee's response. Dkt. # 38. He argued that his selection of exemptions is permitted under the Bankruptcy Code. He asserted that he properly exercised his statutory right to choose which assets to exempt, noting that any asset not claimed as exempt, such as the 2.7 acres in Mayagüez, was effectively surrendered to the Chapter 7 trustee, while his residence was claimed as exempt pursuant to a prepetition homestead declaration. Debtor maintained that the Trustee lacked authority to question his exemption choices, that no bad faith or intent to defraud creditors exists, and that the objection to his claimed exemptions was without merit.

On March 17, 2025, Debtor's prior counsel withdrew from representation, and new counsel entered an appearance on Debtor's behalf. Dkt. # 45.

On March 18, 2025, the Debtor, through newly retained counsel, filed a supplemental response in further opposition to the Trustee's objections to exemptions. Dkt. # 46. In the supplemental response, Debtor argued that the mere conversion of non-exempt assets into exempt assets on the eve of bankruptcy was insufficient, standing alone, to warrant disallowance of the claimed exemptions. Debtor contended that this type of exemption can be denied only upon a showing of extrinsic fraud. Debtor further asserted that bankruptcy law permitted limited

pre-bankruptcy planning and that his actions fell within the scope of permissible exemption

planning.

On April 11, 2025, Debtor filed an amended schedule C. Dkt. # 52, pp. 14-17. Debtor

now listed in amended schedule C the following properties as exempt:

| Property description | Value | Exemption amount | Exemption statutory basis |
|---|---|---|---|
| Urb. Jardines De Carolina E-1 Calle E Carolina, PR 00987 | $122,400 | $122,400 | P.R. Laws Ann. tit. 31, § 1858 |
| 2020 Ford Ecosport | $6,244 | $6,244 | P.R. Laws Ann. tit. 31, § 9302(g) |
| Refrigerator, 3-bedroom sets, stove, dining room set, living room set, washing machine. | $900 | $900 | P.R. Laws Ann. tit. 32, § 1130(14) |
| TV, Cellphone | $175 | $175 | P.R. Laws Ann. tit. 32, § 1130(14) |
| Stamp Collection | $100 | $100 | P.R. Laws Ann. tit. 32, § 1130(2) |
| Bycicle | $50 | $50 | P.R. Laws Ann. tit. 32, § 1130(2) |
| Clothes And Shoes | $100 | $100 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(c) |
| Wristwatch, Chain | $200 | $200 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(c) |
| Dog | $1 | $1 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(f) |
| Oriental Bank Checking account Account No. 5079 | $247.01 | $247.01 | P.R. Laws Ann. tit. 32, § 1130(2) |
| | | $247.01 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(h) |
| PenFed Credit Union Savings & Shares Savings account | $55.04 | $55.04 | P.R. Laws Ann. tit. 32, § 1130(2) |
| | | $55.04 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(d) |
| Firstbank Checking & Savings Savings account Acct. No. 4692 | $2,905.96 | $2,343.37 | 15 U.S.C. § 1673 |
| | | $2,343.37 | P.R. Laws Ann. tit. 32, § 1130(7) |
| | | $2,343.37 | P.R. Laws Ann. tit. 31, § 9302(h) |
| | | $562.69 | P.R. Laws Ann. tit. 31, § 9302(d) |
| | | $562.69 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(d) |
| 401k: Fidelity | $10,022.99 | $10,022.99 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(j) |
| | | $10,022.99 | 11 U.S.C. § 522(b)(3)(C) |
| | $5,000 | $5,000 | Law No. 55-2020, Title 3, Ch. |

| IRA: Universal Life Insurance Company # 3595 | | | 1, Art. 1157(j) |
|---|---|---|---|
| | | $5,000 | 11 U.S.C. § 522(b)(3)(C) |
| IRA: Cosvi #0812 | $5,000 | $5,000 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(j) |
| | | $5,000 | 11 U.S.C. § 522(b)(3)(C) |
| IRA: Banco Popular de Puerto Rico #8363 | $5,000 | $5,000 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(j) |
| | | $5,000 | 11 U.S.C. § 522(b)(3)(C) |
| IRA: Oriental Bank #6147 | $5,000 | $5,000 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(j) |
| | | $5,000 | |
| 2020 Ford Ecosport | $6,392 | $6,392 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(g) |

Dkt. # 52, pp. 14-17.

On July 9, 2025, after requesting time to do so, the Trustee renewed her objection to Debtor's amended claimed exemptions. Dkt. # 65.

As for the IRA accounts, the Trustee reiterated that these IRA accounts, opened between May 18 and June 11, 2024, were all created within a few weeks prior to the bankruptcy petition. According to the Trustee, at the 11 U.S.C. § 341 meeting of creditors, Debtor admitted that the funds used to purchase the IRAs originated from a regular bank account, not from a qualified retirement account or through a direct rollover. She further argued that those pre-petition bank funds, allegedly proceeds from the sale of real estate in North Carolina in May 2022 or money received upon the death of Debtor's partner, could have been used to pay creditors and therefore were not retirement funds under either Puerto Rico fiscal law or the United States Internal Revenue Code. The Trustee also pointed out that the IRA accounts were opened between May and June 2024, after the Debtor had filed his 2023 Puerto Rico tax return in February 2024. The Trustee argued that since the deadline to make IRA contributions applicable to the 2023 tax year expired on April 15, 2024, any contributions made thereafter could only apply to 2024 and were therefore outside the permissible period for retroactive tax benefit treatment. This statement is

8

unsupported by statute or case law. The Trustee attached to her objection the IRA contract with Oriental Bank opened on May 18, 2024 which indicates that the taxable year for which this IRA is being opened is 2023. Dkt. # 65 at p. 17.

Furthermore, the Trustee argued that the total of $20,000 contributed far exceeded the annual contribution limits. As such, the deposits constitute excess contributions, which are subject to additional taxation and are not exempt from taxation. "An IRA must meet the requirements of the Internal Revenue Code/Hacienda to be claimed exempt by a Debtor in Bankruptcy. Funds contributed [in] excess of the yearly statutory limits are subject to additional taxes and since they are not exempt from taxation, they cannot be claimed exempt by a debtor under the Bankruptcy Code. In re Brainard, 652 B.R. 1 (Bankr. D. Conn 2023)". Dkt. # 65 at pp. 6-7. The Trustee further argued that the Debtor's transfer of $20,000 into four IRAs on the eve of bankruptcy was a conversion of non-exempt assets into exempt and that the claimed exemptions should be disallowed.

As to the bank account balances claimed as exempt for the first time in amended schedule C at Dkt. # 52, the Trustee explained that she had previously requested turnover of these funds on the basis that they constitute nonexempt assets, but Debtor failed to comply. The Trustee argued that the cited exemptions do not apply to funds held in a bank account as of the date of the petition. Debtor invoked Law 55-2020, Title 3 Ch. 1, Art. 1157(h); 15 U.S.C. §1673 and PR Laws Ann. tit. 32 §1130(7) but according to the Trustee these are all identical exemption provisions which do not apply to funds deposited in bank accounts because the Trustee is not a third-party creditor trying to garnish/embargo the Debtor's wages exceeding the allowed amount of 25%.

9

On August 20, 2025, Debtor filed a motion *in limine* to limit the Trustee's objection to exemptions. Dkt. # 70. Debtor argued that the Trustee's objection improperly revisits previously claimed and uncontested exemptions, which are now time-barred under Fed. R. Bankr. P. 4003(b). Debtor further noted that the retirement accounts were already properly and timely claimed as exempt before the filing of the third amended schedules at Dkt. #52. The subsequent amendment did not introduce any new exemption or alter the substance of the prior exemptions claimed but merely added an additional statutory basis—specifically, 11 U.S.C. § 522(b)(3)(C)—to reinforce the existing exemption already protected under Puerto Rico law. Debtor argued that this clarification simply strengthened the legal support for the exemption rather than creating a new one. Therefore, Debtor argued that the Trustee should not be permitted to renew or expand her prior objection, which had already been fully presented to and considered by the court.

On August 26, 2025, Debtor filed an answer to Trustee's objection to amended exemptions. Dkt. # 71. Debtor argued that the latest amendments to the schedules were made in good faith to correct inadvertent omissions and update asset values. He explained that the amendments primarily involved modest bank account balances, household goods, and revised retirement account values, and argued that the claimed exemptions are fully supported by Puerto Rico law and applicable federal protections.

On September 24, 2025, the Trustee responded to both, the motion *in limine* and Debtor's answer to her objection. Dkt. # 74. In her response, the Trustee highlighted the changes from amended schedule C filed at Dkt. # 21 to amended schedule C filed at Dkt. # 52 as to exemptions in dispute.

10

With respect to the motion *in limine*, the Trustee argued that Debtor failed to identify with specificity the evidence that should be excluded in connection with her objection to Debtor's third amended claimed exemptions. The Trustee maintained that her objection was properly filed pursuant to Fed. R. Bankr. P. 4003(b) following Debtor's amendment to schedule C. She further contended that Debtor was attempting to preclude her from responding to a newly asserted exemption theory, which invoked additional statutory provisions and altered the legal characterization of the exemption in an effort to strengthen the foundation for the previously claimed exemption.

With respect to Debtor's claimed exemption in the bank account balances, the Trustee argued that Debtor provided no new factual or legal support and merely reiterated the language of Article 1157(h) of the 2020 Puerto Rico Civil Code and Article 249 of the Puerto Rico Code of Civil Procedure, both of which address wage garnishment. The Trustee contended that these provisions were inapplicable to the funds held in Debtor's bank accounts as of the petition date. Specifically, she asserted that Debtor failed to demonstrate that: (i) a judgment creditor had obtained or executed a garnishment order against his wages; (ii) any such wages were earned within thirty (30) days prior to execution; or (iii) the funds were being held by a garnishing creditor at the time of filing.

The Trustee further argued that Article 1157(h) of the 2020 Puerto Rico Civil Code does not extend to funds deposited in bank accounts. She noted that the legislature specifically enumerated particular categories of exempt monetary assets and imposed express monetary limits, including: household goods ($10,000) under Article 1157(b); agricultural tools ($4,000) under Article 1157(e); professional tools ($10,000) under Article 1157(f); and life insurance proceeds under Article 1157(i). The Trustee also highlighted that Article 1157(i) was amended

11

on August 12, 2024, to clarify that life insurance proceeds are exempt only when the policy insures the debtor's life and the beneficiary is a legitimate heir. According to the Trustee, had the legislature intended to exempt funds held in deposit or bank accounts, it would have done so expressly. On this basis, the Trustee argued that the exemption claimed in the bank account balances should be disallowed.

As for the IRA accounts, the Trustee reaffirmed her prior objections to the exemption claimed over the four IRA accounts, which were purchased on the eve of bankruptcy using funds from Debtor's personal bank account. She argued that Debtor failed to meet the requirements under both the United States Internal Revenue Code and Puerto Rico Treasury laws necessary for those funds to qualify as exempt under Article 1157(j) of the 2020 Puerto Rico Civil Code.

The Trustee clarified that she does not dispute a debtor's ability to claim exemptions provided under federal non-bankruptcy law but emphasizes that Debtor has not done so in this case. The Trustee noted that Debtor relies on 11 U.S.C. § 522(b)(3)(C), which is a bankruptcy statute, not a non-bankruptcy exemption provision. The Trustee argued that because Debtor elected to claim exemptions under state law, he cannot simultaneously invoke § 522(b)(3)(C). And even if § 522(b)(3)(C) were applicable, the Trustee argued that the underlying requirements remain unmet. Retirement funds are only exempt if they are held in a qualified account under §§ 401, 403, 408, 408A, 414, or 457 of the Internal Revenue Code. Here, the four IRA accounts were newly created just days before filing and were not funded by rollovers from any prior qualified account. The funds originated entirely from Debtor's personal bank account, and the aggregate contributions of $20,000 exceeded the annual tax-deferred contribution limits under both federal and Puerto Rico law for 2024.

12

On November 25, 2025, Debtor filed a "final" reply to the Trustee's objections to exemptions. Dkt. # 97. He maintained that his claimed exemptions are properly grounded in Puerto Rico law and incorporated into bankruptcy through 11 U.S.C. § 522(b)(3). He contended that Puerto Rico's exemption statutes, particularly those protecting one month of provisions and 75% of recent wages under 32 L.P.R.A. § 1130(2) and (7), apply in bankruptcy regardless of whether a prepetition garnishment existed, and that the Trustee's contrary interpretation improperly narrows these protections in a manner inconsistent with the liberal construction afforded to exemption laws.

Debtor further asserted that the bank account balances represent protected provisions and recent earnings rather than unrestricted deposits, and that the retirement accounts remain exempt under Puerto Rico law and 11 U.S.C. § 522(b)(3)(C). He argued that the Trustee's "eve-of-bankruptcy conversion" theory does not warrant disallowance of the exemptions absent a proper avoidance action or proof of fraud. Finally, Debtor contended that any newly advanced theories are untimely under Fed. R. Bankr. P. 4003(b), that his amendments were made in good faith, and that they merely clarified overlapping federal and local statutory bases for exemptions.

## III.    APPLICABLE LAW AND DISCUSSION

Upon the filing of a chapter 7 bankruptcy petition, all of debtor's assets become property of the bankruptcy estate under 11 U.S.C. § 541. However, 11 U.S.C. § 522(b)(1) "allows a debtor to exempt certain property from the bankruptcy estate that would otherwise be available for distribution to creditors." Nealon v. Matthews (In re Nealon), 2016 Bankr. LEXIS 193, at *18 (B.A.P. 1st Cir. Jan. 20, 2016). "A fundamental component of an individual debtor's fresh start in bankruptcy is the debtor's ability to set aside certain property as exempt from the claims of creditors." Allan N. Resnick and Henry J. Sommer, 4 Collier on Bankruptcy ¶ 522.01 (16th ed.

13

2026). "An exemption is an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor."  Ostrander v. Brown (In re Brown), 614 B.R. 416, 423 (B.A.P. 1st Cir. 2020) (quoting Owen v. Owen, 500 U.S. 305, 308, (1991)).  "Liberal construction of exemptions in favor of debtors falls easily within the ambit of the Bankruptcy Code's 'fresh start' policy." In re Toppi, 378 B.R. 9, 11 (Bankr. D. Me. 2007).

"'Exemption' is a term of art in bankruptcy, and . . . while exemption may mean different things in different contexts, in the context of 11 U.S.C. § 522, it refers to laws enacted by the legislative branch which explicitly identify property that judgment-debtors can keep away from creditors for reason of public policy." In re Corbett, 2013 Bankr. LEXIS 1310, at *5 (Bankr. W.D. Mo., April 2, 2013) (quoting Benn v. Cole (In re Benn), 491 F.3d 811 (8th Cir. 2007). "[W]hen a debtor claims a *state-created* exemption, the exemption's scope is determined by state law, which may provide that certain types of debtor misconduct warrant denial of the exemption." Law v. Siegel, 571 U.S. 415, 425, 134 S. Ct. 1188, 188 L. Ed. 2d 146 (2014) (italics in original). But, "*federal law* provides no authority for bankruptcy courts to deny an exemption on a ground not specified in the Code." Id. (italics in original). See In re Colon, 2025 Bankr. LEXIS 852, at *4 (Bankr. D. P.R. April 4, 2025). In other words, the Bankruptcy Code does not authorize the bankruptcy courts to deny an exemption as a sanction upon finding bad faith conduct. The United States Supreme Court explained as follows:

> Our decision today does not denude bankruptcy courts of the essential "authority to respond to debtor misconduct with meaningful sanctions. There is ample authority to deny the dishonest debtor a discharge. See § 727(a)(2)-(6)… In addition, Federal Rule of Bankruptcy Procedure 9011—bankruptcy's analogue to Civil Rule 11—authorizes the court to impose sanctions for bad-faith litigation conduct, which may include "an order directing payment. . . of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation."  Fed. Rule Bkrtcy. Proc. 9011(c)(2). The court may also possess further sanctioning authority under either § 105(a) or its inherent powers. Cf. Chambers [v. NASCO, Inc.], 501 U. S. [32], at 45-49 [1991], 111 S. Ct. 2123, 115 L. Ed. 2d

14

27. And because it arises postpetition, a bankruptcy court's monetary sanction survives the bankruptcy case and is thereafter enforceable through the normal procedures for collecting money judgments. See § 727(b). Fraudulent conduct in a bankruptcy case may also subject a debtor to criminal prosecution under 18 U. S. C. §152, which carries a maximum penalty of five years' imprisonment. But whatever other sanctions a bankruptcy court may impose on a dishonest debtor, it may not contravene express provisions of the Bankruptcy Code by ordering that the debtor's exempt property be used to pay debts and expenses for which that property is not liable under the Code.

Law v. Siegel, 571 U.S. at 427-428.

11 U.S.C. § 522(b)(1) provides that a debtor may select the applicable state or the federal exemptions under § 522 unless a state chooses to "opt out" of the federal exemption scheme, which is not the case for Puerto Rico. "Debtors who select the federal list waive all state and nonbankruptcy federal exemptions." 3 William L. Norton III, Norton Bankr. L. & Prac., 3rd ed. § 56:3 (2026). "The debtor must choose either the state and nonbankruptcy federal list or the exemptions provided under Code § 522(d); mixing and matching is not permissible." Id. Moreover, part 1 of schedule C, which a debtor must use to claim exemptions, allows a debtor to claim either "state and federal nonbankruptcy exemptions" or "federal bankruptcy exemptions," but not both.

As previously noted, at this time, the Trustee is solely objecting to Debtor's claimed exemptions over the four IRA accounts and the balances held in three bank accounts. Under Fed. R. Bankr. P. 4003(c), the Trustee bears the burden of proving that the exemption claimed is improper and should be disallowed.

The table below compares the original claimed exemptions and the ones claimed on April 11, 2025 in the amended schedule C subject to this order. Dkt. ## 21, 52.

| | | Amended schedule C filed at Dkt. # 21, pp. 9-11 | | Amended schedule C filed at Dkt. # 52, pp. 14-17 | |
|---|---|---|---|---|---|
| Property description | Value | Exemption amount | Exemption statutory basis | Exemption amount | Exemption statutory basis |

15

| | | | | | |
|---|---|---|---|---|---|
| IRA: Universal Life Insurance # 3595 | $5,000 | $5,000 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(j) | $5,000 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(j) |
| | | | | $5,000 | 11 U.S.C. § 522(b)(3)(C) |
| IRA: Cosvi #0812 | $5,000 | $5,000 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(j) | $5,000 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(j) |
| | | | | $5,000 | 11 U.S.C. § 522(b)(3)(C) |
| IRA: Banco Popular de Puerto Rico #8363 | $5,000 | $5,000 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(j) | $5,000 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(j) |
| | | | | $5,000 | 11 U.S.C. § 522(b)(3)(C) |
| IRA: Oriental Bank #6147 | $5,000 | $5,000 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(j) | $5,000 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(j) |
| | | | | $5,000 | 11 U.S.C. § 522(b)(3)(C) |
| Oriental Bank Checking account # 5079 | $247.01 | none | none | $247.01 | P.R. Laws Ann. tit. 32, § 1130(2) |
| | | | | $247.01 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(h) |
| PenFed Credit Union Savings Account | $55.04 | none | none | $55.04 | P.R. Laws Ann. tit. 32, § 1130(2) |
| | | | | $55.04 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(d) |
| Firstbank Checking & Savings account # 4692 | $2,905.96 | none | none | $2,343.37 | 15 U.S.C. § 1673 |
| | | | | $2,343.37 | P.R. Laws Ann. tit. 32, § 1130(7) |
| | | | | $2,343.37 | P.R. Laws Ann. tit. 31,§ 9302(h) |
| | | | | $562.69 | P.R. Laws Ann. tit. 31,§ 9302(d) |
| | | | | $562.69 | Law No. 55-2020, Title 3, Ch. 1, Art. 1157(d) |

As reflected above, although Debtor purported to elect the Puerto Rico exemption scheme, his

amended schedule C filed at Dkt. # 52 included both Puerto Rico and Bankruptcy Code statutory

provisions as the basis for the exemptions claimed in the IRA accounts. Moreover, he asserted, for the first time, exemptions in the balances held in the bank accounts.

### (i)    Debtor's motion *in limine*

In his motion *in limine*, Debtor requests that the court limit the Trustee's objection to exemptions solely to those exemptions newly claimed or amended in the amended schedule C filed at Dkt. # 52, or alternatively deny the objection based on the *de minimis* value of the assets involved. Debtor further argues that the Trustee's objections to exemptions previously claimed and unchanged should be disallowed as untimely.

The Trustee opposes the motion, asserting that Debtor failed to identify with specificity the evidence that should be excluded through the requested motion *in limine*. The Trustee further maintains that her objection was properly filed pursuant to Fed. R. Bankr. P. 4003(b) following Debtor's amendment to schedule C filed at Dkt. # 52. According to the Trustee, the amendment not only introduced new exemptions but also added additional statutory basis for exemptions previously claimed, thereby permitting a renewed challenge.

The court agrees with the Trustee.

Under Fed. R. Evid. 403, the court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Thus, a motion *in limine* is intended to exclude specific evidence from consideration at trial and is not the proper procedural vehicle to resolve the scope or merits of a substantive objection to exemptions. Debtor's motion does not identify any evidence that should be excluded but instead improperly seeks a preemptive ruling restricting the Trustee's legal arguments.

Debtor's amendment to schedule C introduced additional statutory basis for the IRA account exemptions and newly asserted exemptions for the bank account balances. Where an amendment alters the legal basis for a claimed exemption or asserts new exemptions, the trustee may respond to the exemptions, as amended, pursuant to Fed. R. Bankr. P. 4003(b), which permits the trustee to object within the applicable period following the filing of the amended schedules.

Finally, the court declines to deny the Trustee's objection based on the alleged *de minimis* nature of the assets involved, as the exemptions objected to by the Trustee cannot reasonably be characterized as *de minimis*.

**(ii) Debtor's claimed exemptions over the four IRA Accounts**

As previously stated, with respect to the IRA accounts each valued at $5,000, Debtor initially claimed the exemptions solely under Article 1157(j) of Law No. 55-2020, the Puerto Rico Civil Code. In the amended schedule C filed at Dkt. # 52, Debtor maintained the same Puerto Rico statutory basis but added 11 U.S.C. § 522(b)(3)(C) as an additional basis for the exemption for each IRA account.

The Trustee objects Debtor's claimed exemption over four IRA accounts listed in schedule C as follows:

| Opening date | Name of IRA/Account | Amount | Applicable year per opening account documents |
|---|---|---|---|
| June 11, 2024 | Universal Life-3695 FDX Qualified | $5,000.00 | Unknown |
| June 7, 2024 | Cosvi – 9890 IRA Not exempt | $5,000.00 | 2024 |
| June 5, 2024 | Banco Popular -0001 Regular IRA | $5,000.00 | 2024 |
| May 18, 2024 | Oriental Bank -6147 Easy IRA | $5,000.00 | 2023 |

Dkt. # 65, at p. 5.

The Trustee points out that all four IRA accounts were purchased just a few weeks before the filing of the petition and that Debtor's intent when purchasing the IRA accounts was to convert non-exempt funds to exempt funds. The Trustee argues that the IRA accounts must meet the requirements of the Internal Revenue Code or the Puerto Rico Internal Revenue Code to be claimed as exempt in bankruptcy and that funds contributed to the accounts in excess of the authorized limits are subject to additional taxes and are not exempt from taxation, therefore, cannot be claimed exempt by a debtor under the Bankruptcy Code. Dkt. # 65, p. 7.

The Trustee alleges, as to the IRA accounts, that Debtor cannot claim under both state and federal exemptions. However, "[i]n addition to exemptions under the laws of the debtor's domicile, the debtor is entitled to exempt under section 522(b)(3)(C) retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under sections 401, 403, 408, 408A, 414, 457 or 501(a) of the Internal Revenue Code." 5 <u>Collier on Bankruptcy</u> ¶ 522.10. <u>See</u> <u>also</u> <u>In re Roman Rivera</u>, 499 B.R. 175, 190 (Bankr. D. P.R. 2013). "The addition of 522(b)(3)(C) was intended to expand the protection granted to retirement plans in bankruptcy that may not have been already protected under state or federal law." <u>In re Pacheco</u>, 537 B.R. 935, 938 (Bankr. D. Ariz. 2015). "§ 522(b)(3)(C) appears in fact to be an explicit minimum for exemptions involving retirement funds. Nothing suggests, however, that it is the *only* exemption now for retirement plans or that a more liberal exemption may not apply. It is simply that a less liberal exemption will not apply." <u>Id</u>. at 939 (italics in original). Therefore, a state exemption may provide a broader protection than the federal exemption scheme but, as to retirement accounts, it cannot be more restrictive than § 522(b)(3)(C).

Article 1157 of the Puerto Civil Code of 2020 lists the property of a debtor that may not be seized by a creditor. P.R. Laws Ann. tit. 31, § 9302.  Article 1157(j) states that the balance in

19

an individual retirement account in the name of the debtor may not be seized. P.R. Laws Ann. tit. 31, § 9302(j) (translation ours). There is no state court jurisprudence discussing this section and the Puerto Rico Civil Code does not define an individual retirement account. However, Debtor purchased all four IRA accounts in Puerto Rico. And in Puerto Rico, IRA accounts are financial instruments created and defined by the Puerto Rico Internal Revenue Code.

Section 30392 of the Puerto Rico Internal Revenue Code defines "individual retirement account" as follows:

(a) For purposes of this section, the term "individual retirement account" shall mean a trust created or organized under the laws of the Government of Puerto Rico for the exclusive benefit of an individual or his/her beneficiaries, or the share of the individual for his/her exclusive benefit or that of his/her beneficiaries in a trust created or organized under the laws of the Government of Puerto Rico, and whose governing instrument states that the participants shall be those individuals who, through a contract or request to such effect avail themselves of the provisions of said trust...

P.R. Laws Ann. tit. 13, § 30392.

Also, Section 30392(a) lists eight requirements that should be met for an account to qualify as an IRA account, and pertinent here, 30392(a)(1) states that any contribution to the fund must not be in excess of the amount allowed as a deduction pursuant to § 30135(a)(7) per taxable year on behalf of an individual. P.R. Laws Ann. tit. 13, § 30392(a)(1). Section 30135(a)(7)(B) states that the maximum amount allowed for an individual as a deduction for a taxable year is five thousand dollars ($5,000) or the adjusted gross income for wages or earnings attributable to professions or occupations, whichever is less. P.R. Laws Ann. tit. 13, § 30135(a)(7).[2]

---

[2] The court notes that Law 179-2025 was recently enacted on September 22, 2025 to amend the Puerto Rico Internal Revenue Code and match the exemptions allowed on IRA accounts in Puerto Rico to the amounts allowed under the United States Internal Revenue Code.

As per the definition of an individual retirement account in the Puerto Rico Internal Revenue Code and its requirements, amounts contributed in excess of those allowed for a taxable year are not considered individual retirement accounts. Here, Debtor opened four IRA accounts one of $5,000 for taxable year 2023 and three of 5,000.00 each for taxable year 2024. Therefore, Debtor opened two IRAs for $5,000.00 each in excess for taxable year 2024. The Trustee alleges that the contribution of year 2023 was made after Debtor filed his income tax return, and any contributions made after the April 2024 deadline could only apply to 2024 and therefore was outside the permissible period for retroactive tax benefit treatment. But the Trustee fails to explain and support how that affects the IRA contribution or the exemption. In Puerto Rico, tax returns may be amended and the evidence presented by the Trustee shows that the IRA was opened for taxable year 2023. Dkt. # 65 at p. 17. The Trustee failed to meet her burden to establish that this exemption was claimed improperly. Therefore, the objection to the Trustee's exemption of Debtor's IRA account for taxable year 2023 is denied.

As to the 2024 IRAs, Debtor may not claim as exempt the total amount contributed during year 2024. Debtor may only claim an exemption in the amount of $5,000 for taxable year 2024. Hence, the Trustee's objection to the additional $10,000 contributed by Debtor in year 2024 is granted. The amounts contributed in excess during year 2024 are not individual retirement accounts as defined by Puerto Rico Internal Revenue Code and the exemption claimed for those IRA accounts is disallowed.

The court notes that the Trustee alleges that the exemptions claimed on the IRA accounts should be denied because the Debtor converted nonexempted assets to exempt assets on the eve of bankruptcy. The Trustee claims that such transfer was made "fraudulently" but relies exclusively on the action of converting the assets as an indicator of fraud. However, "[t]he

21

legislative history indicates that under section 522, the debtor may convert nonexempt property into exempt property immediately before the commencement of the case. An eleventh-hour acquisition of exempt property will not require disallowance of an exemption in the property." 4 Collier on Bankruptcy ¶ 522.08. "[ I]ntentional but nonfraudulent conversion of nonexempt property" is not prohibited by the Bankruptcy Code. Labbadia v. Martin (In re Martin), 2021 U.S. Dist. LEXIS 80741, at *14 (D. Conn. Apr. 27, 2021). More importantly, even if this court were to find that this Debtor engaged in improper conduct by converting non-exempt assets into exempt assets on the eve of bankruptcy, which at this time it cannot, the United States Supreme Court has stated in the case of Law v. Siegel, 571 U.S. at 415, that whatever sanctions a bankruptcy court may impose on a dishonest debtor, it may not disallow the exemptions allowed by the Bankruptcy Code ordering that the debtor's exempt property be liquidated as non-exempt funds may be, which is what the Trustee would like this court to do in this case. Id. at 428.

**(iii)    Bank account balances**

Regarding the bank accounts, in the amended schedule C filed at Dkt. # 52, Debtor claimed the balances totaling $3,208.11 exempt under various provisions of Puerto Rico and federal law, which are addressed below.

a.    Article 249(2) of the Puerto Rico Code of Civil Procedure (P.R. Laws Ann. tit. 32, § 1130(2))

Debtor claims the balances of his accounts in Oriental Bank ($247.01) and PenFed Credit Union ($55.04) exempt under Article 249(2) of the Puerto Rico Code of Civil Procedure. This provision protects from seizure certain basic and essential personal and household items belonging to a judgment debtor, including household and kitchen furnishings, one sewing machine, cooking equipment, personal belongings and family items such as clothing, family

22

portraits, and artwork created by family members, provisions and food supplies for the individual or family's use for one month, and livestock. P.R. Laws Ann. tit. 32, § 1130(2).[3]

Exemption statutes are generally construed liberally in favor of the debtor to effectuate their remedial purpose of preserving the debtor's ability to maintain basic living expenses and obtain a fresh start. See In re Román Rivera, 499 B.R. at 181. Moreover, "Puerto Rico's Supreme Court has ruled that the exemptions afforded in Article 249 of Puerto Rico's Code of Civil Procedure are repairing in nature, and thus its statutes must be construed in the most liberal light to effectuate the humanitarian purpose of the lawmaker." Id. at 183 (quoting Laguna et al. v. Quiñones, 23 P.R. Dec. 386, 389 (1916)). Nonetheless, the court's obligation to construe exemptions liberally does not permit the court to expand the statutory text beyond its clear terms.

Article 249(2) specifically enumerates categories of tangible personal property and basic subsistence items intended to remain available for the debtor's household use. The items listed in subsection (2) reflect the lawmaker's intent to protect essential household goods and necessities required for daily living. The statute, however, does not include funds held in bank accounts, money deposits, or other liquid assets. The absence of any reference to money or bank deposits indicates that Article 249(2) does not extend to funds held in financial institutions. Moreover, unlike other subsections of Article 249 that expressly protect certain forms of liquid assets, subsection (2) is limited to specific types of household goods and provisions.

Accordingly, because the balances held in these accounts constitute funds deposited rather than the types of tangible household items enumerated in the statute, the court finds that

---

[3] In Puerto Rico, this provision exempts from execution the following: "Necessary household, table and kitchen furniture belonging to the judgment debtor, including one sewing machine in actual use in the family, or belonging to a woman, and stove, furniture, beds, bedding and bedsteads, not exceeding in value two hundred (200) dollars, wearing apparel, hanging pictures, oil paintings and drawings, drawn or painted by any member of the family, and family portraits and their necessary frames, provisions actually provided for individual or family use sufficient for one month; one cow with her suckling calf, and one hog with her suckling pigs." P.R. Laws Ann. tit. 32, § 1130(2).

23

these amounts do not fall within the scope of the exemption provided by Article 249(2) of the

Puerto Rico Code of Civil Procedure. Therefore, Debtor's claimed exemptions under this statute

are denied.

    b.    <u>Article 249 of the Puerto Rico Code of Civil Procedure (P.R. Laws Ann. tit. 32, §
1130(7))</u>

Debtor claims the partial balance of his account in Firstbank ($2,343.37) exempted under

Article 249(7) of the Puerto Rico Code of Civil Procedure. This subsection protects three-fourths

(¾) of a debtor's earnings from personal services performed within the thirty (30) days prior to a

levy of execution or attachment. P.R. Laws Ann. tit. 32, § 1130(7).[4]  The Trustee opposes stating

that Debtor has failed to show that the estate is a third-party creditor trying to garnish his wages

but is rather the owner of the funds. The court agrees with the Trustee.

The protection afforded by Article 249(7) is limited in scope. By its plain language, the

provision regulates the amount of wages that a judgment creditor may seize through post-

judgment collection mechanisms such as garnishment or attachment. The statute does not create

a general exemption for monies held in a bank account, nor does it shield wages from becoming

property of the bankruptcy estate. <u>See, e.g</u>. <u>In re Johnson</u>, 593 B.R. 331, 338 (Bankr. D. N.M.

2018) (holding that New Mexico's garnishment statute applied only to wages or salary due to the

debtor by their employer and did not apply to those wages or salary once they were paid to the

debtor); <u>In re Adcock</u>, 264 B.R. 708, 711 (D. Ka. 2000) (concluding that Kansas wage

garnishment restrictions apply only to wages before they are paid to the debtor).

---

[4] In Puerto Rico, this provision exempts from execution the following: "Three-fourths (¾) of the earnings of the judgment debtor for personal services rendered at any time within thirty (30) days next preceding the levy of execution, or levy of attachment, when it appears by the debtor's affidavit, or otherwise, that such earnings are necessary for the use of his family residing in this Commonwealth, supported wholly or in part by his labor." P.R. Laws Ann. tit. 32, § 1130(7).

As argued by the Trustee, upon the filing of a bankruptcy petition, all legal or equitable interests of the debtor in property become property of the estate, including funds held in bank accounts. 11 U.S.C. § 541(a)(1). Once the petition is filed, the Trustee becomes the representative of the estate and administers those assets for the benefit of creditors. 11 U.S.C. §§ 323, 704. The Trustee is therefore not a third-party creditor attempting to garnish wages, but rather the statutory administrator of property that already belongs to the estate. As such, Debtor's claimed exemption under Article 249(7) of the Puerto Rico Code of Civil Procedure is denied.

    c.    <u>Law No. 55-202, Title 3. Ch.1, Art. 1157(h) (P.R. Laws. Ann tit. 31, § 9302(h))</u>

Debtor claims the partial balance of his account in Firstbank ($2,343.37) exempted under P.R. Laws. Ann tit. 31, § 9302(h) and the balance of his account in Oriental Bank ($247.01) exempted under Law No. 55-202, Title 3. Ch.1, Art. 1157(h). These citations refer to the same statutory provision, with the latter representing the section as enacted in Law No. 55-202 and the former corresponding to its codified version in the Puerto Rico Laws Annotated for the 2020 Puerto Rico Civil Code.

This provision exempts three-fourths (¾) of the wages or professional fees earned by the debtor within the thirty (30) days prior to the issuance of a garnishment or attachment order, if it is shown, through a sworn written statement by the debtor or otherwise, that such income is necessary for the debtor's or their family's support, when the family depends wholly or partially on the debtor's work. P.R. Laws. Ann tit. 31, § 9302(h) (translation ours). This exemption is likewise inapplicable. The Trustee is not a third-party creditor trying to garnish Debtor's wage and the funds held in the bank accounts became property of the bankruptcy estate upon the filing

25

of the petition. Therefore, Debtor's claimed exemption under Law No. 55-202, Title 3. Ch.1, Art. 1157(h), P.R. Laws. Ann tit. 31, § 9302(h), is also denied.

    d.    <u>Law No. 55-202, Title 3. Ch.1, Art. 1157(d) (P.R. Laws. Ann tit. 31, § 9302(d))</u>

Debtor claims the balance of his account in Oriental Bank ($247.01) and the partial balance of his account in PenFed ($562.69) exempt under Law No. 55-202, Title 3. Ch.1, Art. 1157(d). Like Article 249(2) of the Puerto Rico Code of Civil Procedure, P.R. Laws Ann. tit. 32, § 1130(2), Article 1157(d) also exempts food and provisions that are intended for the individual or family's use, provided they are in an amount sufficient for one month. P.R. Laws. Ann tit. 31, § 9302(d) (translation ours). Again, this provision does not mention liquid assets or funds held in a bank account. Thus, these exemptions are denied.

    e.    <u>15 U.S.C. § 1673</u>

Debtor claims the partial balance of his account in Firstbank ($2,343.37) exempted under 15 U.S.C. § 1673. That statute is part of the Consumer Credit Protection Act and limits the amount of a person's disposable earnings that may be garnished during any given workweek. Specifically, the statute provides that the maximum amount that may be garnished is the lesser of: twenty-five percent (25%) of the individual's disposable earnings for that week, or the amount by which the individual's disposable earnings exceed thirty times the federal minimum hourly wage under 29 U.S.C. § 206(a)(1).

However, courts have held that 15 U.S.C. § 1673 does not operate as a bankruptcy exemption. <u>See</u>, <u>In re Bloomstein</u>, 2010 Bankr. LEXIS 3942, at *5 (Bankr. D. Mass. Nov. 5, 2010) ("15 U.S.C. § 1673 restrains the seizure of wages but does not establish an exemption applicable to bankruptcy cases."). <u>See</u> <u>also</u>, <u>Smith v. Frazier</u>, 421 B.R. 513, 518 (S.D. Ill. 2009) (noting that once debtors file for bankruptcy, "the Bankruptcy Code and applicable state and

federal property exemption statutes governed their rights and remedies-not the limitation on garnishment of wages contained in 15 U.S.C. § 1673."). Therefore, Debtor's exemption claimed under 15 U.S.C. § 1673 as to the partial balance of Debtor's account in Firstbank ($2,343.37) is also denied.

## IV. CONCLUSION

For the foregoing reasons, Debtor's motion *in limine* (Dkt. # 70) is denied.

The Chapter 7 Trustee's objection to Debtor's claimed exemptions over the IRA accounts (Dkt. ## 24, 31, 65, 74) is partially sustained and Debtor's exemptions are allowed in part and denied in part. Specifically, Debtor's claimed exemptions over the IRA accounts for taxable year 2023 ($5,000) and 2024 ($5,000) are allowed. However, the amounts contributed in excess of $5,000 during year 2024 are not individual retirement accounts as defined by Puerto Rico Internal Revenue Code and thus the exemptions claimed for two IRA accounts for $5,000 each opened in 2024 are disallowed.

Moreover, the Chapter 7 Trustee's objection to Debtor's claimed exemptions over the bank account balances (Dkt. ## 65, 74) is sustained. Debtor's claimed exemptions over the bank account balances in his Oriental Bank, PenFed Credit Union, and Firstbank Puerto Rico accounts totaling $3,208.11 are disallowed.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of March 2026.

María de los Ángeles González
United States Bankruptcy Judge

27