**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br>ANTONIO VILLANUEVA RODRIGUEZ,<br><br>Debtor. | CASE NO. 24-02613 MAG7<br>Chapter 7<br><br>FILED & ENTERED ON 8/14/2026 |

**OPINION AND ORDER**

Pending before the court is motion filed by Mr. Antonio Villanueva Rodriguez ("Debtor") under Fed. R. Bankr. P. 9023, incorporating Fed. R. Civ. P. 59(e), seeking reconsideration of the court's opinion and order (Dkt. # 103) entered on March 27, 2026 concerning Debtor's claimed exemptions over four (4) individual retirement accounts ("IRAs"). Dkt. # 145.[1]

In the Opinion and Order, the court concluded that Debtor could claim exemptions under Article 1157(j) of the Puerto Rico Civil Code in two (2) of the four (4) IRAs opened in 2024. P.R. Laws Ann. tit. 31, § 9302(j). The court reasoned that, because the amounts of the two (2) additional IRAs exceeded those allowed by the Puerto Rico Internal Revenue Code, the accounts failed to comply with the definition of individual retirement accounts established in the code, and could not be claimed as exempt under Article 1157(j) of the Puerto Rico Civil Code. P.R. Laws Ann. tit. 31, §9302(j).

[1] In its March 27, 2026 Opinion and Order, the court also disallowed Debtor's claimed exemptions in the aggregate balance of three bank accounts held at Oriental Bank, PenFed Credit Union, and FirstBank Puerto Rico, totaling $3,208.11. Dkt. # 103. Although Debtor asserts that reconsideration of that ruling is warranted, he "preserved [the issue] for review by the Bankruptcy Appellate Panel for the First Circuit or the First Circuit Court of Appeals." Dkt. # 145 at 6-7. Thus, the court declines to address that issue.

Debtor argues that the court committed a "manifest error of law by conflating two entirely distinct statutory frameworks - Puerto Rico's tax law and Puerto Rico's exemption law - in a manner that produces a result unintended by the Puerto Rico Legislature." Dkt. # 145, p. 1. Debtor contends that the disputed accounts are contractually identified as IRAs by the issuing financial institutions and that Article 1157(j) protects IRAs without an express monetary cap or qualification requirement. Debtor further argues that Article 1157(j) neither cross-references the Puerto Rico Internal Revenue Code or the Internal Revenue Code nor requires that contributions be tax deductible, comply with annual contribution limits, or receive favorable tax treatment. He claims that the court incorrectly conditioned the Debtor's asset protection exemptions upon technical compliance with the Puerto Rico Internal Revenue Code, resulting in a manifest injustice that must be altered under Fed. R. Bankr. P. 9023. Debtor also argues that the Trustee asserted new legal theories in her objection to the IRA exemptions that were untimely under Fed. R. Bankr. P. 4003(b)(1).

For the reasons stated below, the court finds that Debtor has not established a basis for relief under Fed. R. Civ. P. 59(e). The motion for reconsideration is therefore denied.

## I. RECONSIDERATION STANDARD UNDER FED. R. BANKR. P. 9023

A motion for reconsideration under Fed. R. Bankr. P. 9023, which incorporates Fed. R. Civ. P. 59, allows the court to alter or amend a judgment. Under Fed. R. Civ. P. 59, "relief is granted sparingly, and only when 'the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations.'" Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (quoting Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 25 (1st Cir. 2007)). See also Banco Bilbao Vizcaya Argentaria P.R. v. Vazquez (In re Vasquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012) (Under Fed. R. Civ. P.

59(e), reconsideration “must be based upon newly discovered evidence or a manifest error of law or fact.”).

“It is well settled in the First Circuit that to meet the threshold requirements of [Fed. R. Civ. P.] 59(e), the motion ‘must demonstrate the ‘reason why the court should reconsider its prior decision' and 'must set forth facts or law of a strongly convincing nature' to induce the court to reverse its earlier decision.’” In re Nieves Guzmán, 567 B.R. 854, 863 (B.A.P. 1st Cir. 2017) (quoting In re Arroyo, 544 B.R. 751, 756-57 (Bankr. D.P.R. 2015)). Fed. R. Civ. P. 59(e) motions are to be “aimed at reconsideration, not initial consideration.” Perrier-Bilbo v. United States, 954 F.3d 413, 435 (1st Cir. 2020) (quoting Harley-Davidson Motor Co., Inc. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990)). Fed. R. Civ. P. 59(e) motions do “not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could and should have been presented to the district court prior to the judgment.” Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15–16 (1st Cir. 2006) (quoting Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25, 426 F.3d 416, 422 (1st Cir.2005)).

## II. APPLICABLE LAW AND DISCUSSION

Article 1157(j) of the Puerto Rico Civil Code exempts the balance of funds in the individual retirement accounts held in a debtor’s name. P.R. Laws Ann. tit. 31, § 9302(j). The statute, however, does not define that term. Debtor maintains that the court may look only to the account’s contractual title and may not consider the Puerto Rico Internal Revenue Code or related Treasury regulations in determining whether an account is an IRA for purposes of Article 1157(j).

The court disagrees.

Although exemption provisions are construed liberally in favor of debtors, that principle does not authorize the court to assign an undefined statutory term a meaning divorced from the legal framework that creates and governs the financial instrument at issue. An IRA is not simply any account labeled an "IRA" by a financial institution. Rather, it is a statutory financial instrument created and governed by the Puerto Rico Internal Revenue Code and the regulations promulgated under that Code. See P.R. Laws Ann. tit. 13, § 30392; Vélez v. Hernández, 2012 PR App. LEXIS 3364, *24 (Sept. 19, 2012); Statement of Motive of Law 195 of August 18, 2002, amending the Puerto Rico Internal Revenue Code.[2]

The court does not read Article 1157(j) as independently imposing a monetary cap on exempt IRA funds, requiring tax-deductible contributions, or otherwise adding terms not found in the exemption statute. Rather, the court looks to the applicable tax-law provisions solely to determine whether the asset for which Debtor claims an exemption retained the legal character of an IRA. The fact that a financial institution contractually labels an account an IRA does not control if the account fails to satisfy the substantive legal requirements governing IRA status.

Under the Puerto Rico Internal Revenue Code and the Puerto Rico Department of Treasury's implementing regulations, as amended, an account ceases to qualify as an IRA in specified circumstances. Article 1081.02(e)-1(a) of Regulation No. 8299 of December 18, 2012, states that an IRA will be exempt of taxation unless it ceases to be an individual retirement account. Article 1081.02(e)-1(b) of Treasury Regulation No. 8299 provides that an IRA ceases to be an IRA when:

---

[2] The Statement of Motives for Act No. 195 of August 18, 2002, which amended the Puerto Rico Internal Revenue Code, explains that IRAs "provide Puerto Rico residents with a personal alternative for financial security in retirement, while supplying a source of financial capital formation for banking institutions or entities that demonstrate, to the satisfaction of the Secretary of the Treasury, that the manner in which they would administer the trust would be consistent with the requirements of the Puerto Rico Internal Revenue Code of 1994." Statement of Motives, Act No. 195 of Aug. 18, 2002 (translation by the court), https://www.lexjuris.com/lexlex/Leyes2002/lexl2002195.htm.

1. The beneficiary engages in a prohibited transaction as defined in Section 1083.02(e)(2)(B) of the Code; or
2. Contributions to the account exceed the amounts authorized by Section 1081.02(a) of the Code.

See Regulation No. 8299 of December 18, 2012. The regulation also identifies the consequences of excess contributions. Under Section 1081.02(e)-(1)(b)(2), amounts contributed in excess of the permissible limit are treated as income distributed on the first day of the applicable taxable year and are subject to the statutory consequences provided therein.

Thus, the contribution limits are part of the statutory and regulatory framework governing whether an account qualifies and continues to qualify as an IRA. The court's prior ruling did not conflate exemption law with tax law or impose an unstated cap on the exemption. It determined, instead, that the disputed accounts did not meet the legal requirements for IRA status and therefore were not exempted by Article 1157(j) of the Puerto Rico Civil Code.

Finally, to the extent Debtor argues that the Trustee's objection to the IRAs was untimely because the Trustee asserted new legal theories after Debtor amended Schedule C, that argument lacks merit. As stated in the Opinion and Order, where a debtor amends Schedule C to alter the legal basis for a claimed exemption or to assert additional exemptions, Fed. R. Bankr. P. 4003(b)(1) affords the trustee a new period to object to the amended claims. The Rule permits an objection within 30 days after the later of the conclusion of the § 341 meeting of creditors, the filing of an amendment to the list of claimed exemptions, or the filing of a supplemental schedule. Accordingly, the Trustee was entitled to object within the applicable period following Debtor's amended Schedule C. In any case, any new legal theories asserted by the Trustee are a

supplement to the timely objection to the exemption, which Debtor had ample opportunity to address.

As such, Debtor has not identified newly discovered evidence, an intervening change in controlling law, a manifest error of law or fact, or any other circumstance warranting relief under Rule 59(e). The motion instead reiterates an interpretation of Article 1157(j) that the court considered and rejected in its March 27, 2026 Opinion and Order.

Consequently, Debtor's motion for reconsideration filed by Debtor at Dkt. # 145 is denied.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of August 2026.

María de los Ángeles González
United States Bankruptcy Judge